UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| IN RE: ALMA ENERGY, LLC, | ) | |
| | ) | |
| Debtor, | ) | Civil No. 10-136-ART |
| | ) | |
| PIKEVILLE ENERGY GROUP, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| THC KENTUCKY COAL | ) | **ORDER** |
| VENTURE I, LLC, et al., | ) | |
| | ) | |
| Appellees. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

When is a bankruptcy court's order "final" for purposes of appeal? That is the threshold question posed by this action. The appellant Pikeville Energy Group filed a notice of appeal from the United States Bankruptcy Court for the Eastern District of Kentucky. R. 1. The appellant seeks review of two orders issued by the bankruptcy court—one dismissing its cross-claims in an adversary proceeding and another denying its motion for reconsideration of that order. R. 1, Attach. 3, 4. The appellees Kentucky Coal Venture I LLC, Kentucky Coal Venture II LLC, THC Kentucky Coal Venture I LLC, West Virginia Coal Venture I LLC, KWV Operations LLC, and Warren E. Halle have filed a motion to dismiss the appeal. R. 4. For the following reasons, the appellees' motion to dismiss is granted.

## BACKGROUND

This action traces its roots to an underlying bankruptcy action involving the Debtor Alma

Energy, LLC ("Alma"). Case No. 07-70370. Alma filed for Chapter 11 bankruptcy in 2007. *Id*. Alma and the parties involved in the bankruptcy proceeding reached a settlement agreement in December 2007. The 2007 Settlement Agreement, however, did not conclusively resolve all disputes between the parties. On May 4, 2009, Alma commenced an adversary proceeding against the parties named in this action. Adversary Proceeding No. 09-7005; *see In re Wood & Locker, Inc.*, 868 F.2d 139, 142 (5th Cir. 1989) ("Adversary proceedings have been correctly described as 'full blown federal lawsuits within the larger bankruptcy case,' and are thereby distinguishable from other disputes in bankruptcy cases which are denominated 'contested matters' and are generally subject to the less elaborate procedures specified in Bankruptcy Rule 9014.").

Within the adversary proceeding, Pikeville Energy filed a number of cross-claims against the appellees. A.P. No. 09-7005, R. 120. The appellees moved to dismiss the cross-claims on June 25, 2010. *Id*., R. 141. They argued that all of the cross-claims impermissibly turned on absolutely privileged statements and communications. The bankruptcy court agreed and granted the appellees' motion to dismiss on August 9, 2010. *Id*., R. 208. On September 23, 2010, the court denied Pikeville Energy's subsequent motion for reconsideration, finding that Pikeville Energy failed to provide any grounds for concluding the court erred in its order or that exceptional or extraordinary circumstances warranted reconsideration. *Id*., R. 305.

Pikeville Energy then filed a notice of appeal as to the bankruptcy court's order dismissing its cross-claims, as well as the court's order denying its motion for reconsideration. *Id*., R. 331. It bases its appeal on Federal Rule of Bankruptcy Procedure 8001(a) and 28 U.S.C. §158(a)(1).

The adversary proceeding out of which this appeal arises remains pending in the bankruptcy court with a trial set for March 2011. The appellees now claim this appeal should be dismissed because the Court lacks jurisdiction. They are correct.

## DISCUSSION

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from bankruptcy proceedings when the appeals are from "final judgments, orders, and decrees," § 158(a)(1), or "with leave of the court, from other interlocutory orders and decrees," § 158(a)(3). Neither applies here. In the absence of certification under Rule 54(b) of the Federal Rules of Civil Procedure, the orders remain interlocutory and, therefore, are not "final" under § 158(a)(1). Nor has Pikeville Energy shown that the Court should exercise its discretionary authority to grant leave to appeal under § 158(a)(3). Nothing suggests the existence of a controlling question of law as to which there is substantial ground for difference of opinion or that an immediate appeal from the orders may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Simply put, these orders are not ripe for appeal.

**Section 158(a)(1)**

Section 158(a)(1) requires that appeals to the district court be from "final" judgments, orders, or decrees. In general, a "final" decision "ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Pikeville Energy contends the bankruptcy court's orders were "final" for purposes of appeal. R. 8 at 1. But much of what it relies on to support this argument concerns finality in the context of a contested matter

in bankruptcy court. This appeal, however, arises out of an adversary proceeding, not a contested matter. While "finality" in a contested matter has been described as "functional[]" and "less technical," *see In re Cottrell*, 876 F.2d 540, 541 (6th Cir. 1989) "finality" in an adversary proceeding is not considered in the same "lenient" manner, *see In re Dwyer*, 244 B.R. 426, 429 (B.A.P. 8th Cir. 2000).

In an adversary proceeding, "any order granting partial disposition of [that] proceeding is not final in the absence of strict compliance with [Federal Rule of Bankruptcy Procedure] 7054(b)." *Id*. And Bankruptcy Rule 7054 specifically incorporates Federal Rule of Civil Procedure 54(b) into adversary proceedings. Fed. R. Bankr. P. 7054(a) ("Judgments: Rule 54(a)-(c) Fed. R. Civ. P. applies in adversary proceedings."). Under Rule 54(b), when an action presents more than one claim for relief—including cross-claims—"the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In cases where "the bankruptcy court has not certified as final an order that is a partial judgment within the meaning of Rule 54(b), the order will, by operation of the rule, remain interlocutory." *In re Wood & Locker*, 868 F.2d at 143 (citing *In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1066 (9th Cir. 1984) (no appellate jurisdiction because the bankruptcy court order dismissed only one count of a four-count counterclaim and the court did not direct entry of final judgment under Rule 54(b))). Here, Pikeville Energy did not seek Rule 54(b) certification from the bankruptcy court, nor did the bankruptcy court take it upon itself to certify the orders as final. The orders, therefore, remain interlocutory and are not "final" for purposes of appeal. *Id*.

4

Pikeville Energy's arguments supporting finality are unconvincing. It first claims that, in the bankruptcy context, § 158(a)(1)'s finality requirement is considered "in a more pragmatic and less technical way . . . than in other situations." *In re Cottrell*, 876 F.2d at 541-42 (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985)). Pikeville Energy also maintains that "where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately." *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996) (internal citation and quotation marks omitted). But the cases relied on by Pikeville Energy primarily involve contested matters in bankruptcy proceedings, not adversary proceedings. In one of the few cases it cites involving an adversary proceeding, the bankruptcy court had in fact entered a final order. In *United States v. Lundin* (*In re Production Steel, Inc.*), 55 F.3d 1232 (6th Cir. 1995), the Sixth Circuit considered what constituted a "final judgment" for purposes of the Equal Access to Justice Act. The bankruptcy court entered a final order in the adversary proceeding in 1985. The parties did not seek EAJA fees until 1993, claiming that the 1985 order did not represent a final judgment because it did not dispose of the entire bankruptcy case. *Id*. at 1235. The court disagreed—the 1985 order *did* constitute a final judgment for purposes of the EAJA despite the fact that the underlying bankruptcy case remained pending. As a result, the time for appealing was in 1985, not 1993. Here, the appellees do not argue that the orders from the adversary proceeding are not final simply because the underlying bankruptcy proceeding is on-going. It is the adversary proceeding itself that remains open. Ultimately, *In re Production Steel* does not support Pikeville Energy's position on finality.

Pikeville Energy also argues that the Court should look to the time the cause of action

arose as a factor in determining finality. R. 8 at 10-11. Its claims against the appellees arose from activities that occurred prior to 2008 and after 2008. The claims asserted against it by the appellees—which remain pending in the adversary proceeding—arose from events occurring in 2008. Because the claims have different origins, Pikeville Energy argues, the dismissal and finality of its claims should not be affected by the finality of the appellees' pending claims. *Id*. Pikeville Energy's reliance on *Visuron Limited Partnership v. Corcoran* (*In re Casa Colonial Limited Partnership*), 375 B.R. 779 (E.D. Mich. 2007), for this point is misplaced. That case actually involved two consolidated adversary proceedings. *Id*. at 784. The bankruptcy court closed the first adversary proceeding in 2006 and the second in 2007. *Id*. at 784-85. Only in 2007 did the losing party in the first proceeding attempt to appeal the bankruptcy court's order. The district court held the appeal to be untimely under Federal Rule of Bankruptcy Procedure 8002(a). *Id*. at 786. The district court found that once the bankruptcy court ruled on the claims in the first proceeding, no other claims remained in that particular proceeding, and the orders became final and immediately appealable. Here, there is only one adversary proceeding, which remains open with claims pending. The orders, therefore, are interlocutory and not "final" under § 158(a)(1). As a result, this Court lacks jurisdiction over this matter under that provision.

**Section 158(a)(3)**

Even when orders are not "final" within the meaning of § 158(a)(1), § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003 still permit a district court to hear appeals from interlocutory orders and decrees with leave of the court. But the grounds on which courts base the decision to exercise discretion and grant leave to appeal from interlocutory orders are not

6

present in this action.

Review of interlocutory orders is left to the district court's discretion under § 158(a)(3). *Head v. Farm Bureau Gen. Ins. Co. of Mich.*, No. 05-72650, 2005 WL 2173568, at *4 (E.D. Mich. Sept. 6, 2005). In deciding whether to exercise discretion to hear an appeal under § 158(a)(3), courts use the same standard as courts of appeals in taking interlocutory appeals from district courts—a standard set forth in 28 U.S.C. § 1292(b). *See* 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."). Under § 1292(b)—the statute setting forth the court of appeals' jurisdiction for hearing interlocutory orders—an interlocutory order will be considered appealable if (1) there exists "a controlling question of law as to which there is substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b); s*ee Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998) (citing *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Id*.

Pikeville Energy makes no attempt to frame an argument using § 1292(b). Rather, it maintains that while § 1292(b) is instructive, it is not controlling. R. 8 at 11. Pikeville Energy believes "the notion of judicial economy" should guide the outcome in this matter. *Id*. If it succeeds in this appeal and its cross-claims are remanded to the bankruptcy court, Pikeville Energy argues that it is possible the bankruptcy court could hold one trial where it considers the

claims currently pending in the adversary proceeding as well as Pikeville Energy's cross-claims. Otherwise, Pikeville Energy contends, the bankruptcy court could wind up holding two trials—one on the claims currently pending in the adversary proceeding and another if this Court ultimately hears the appeal and remands the claims to the bankruptcy court for further consideration. But Pikeville Energy fails to explain why notions of judicial economy should replace review under § 1292(b). And Pikeville Energy at no point claims such notions qualify as "exceptional" for justifying this Court's review. *Wicheff*, 215 B.R. at 844.

Pikeville Energy chose not to make an argument under § 1292(b), and the Court will not construct an argument on its behalf. In short, it has failed to set forth grounds upon which the Court should grant it leave to appeal from an interlocutory order.

**Sanctions**

Finally, the appellees request that the Court sanction Pikeville Energy's counsel in the amount of $8,000. R. 11 at 11. The appellees view this appeal as "frivolous" and ask the Court to award sanctions under either 28 U.S.C. § 1927 or the Court's "inherent power to impose sanctions for [] bad-faith [litigation] conduct." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Such sanctions are not warranted in this action.

Under 28 U.S.C. § 1927, the Court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A movant need not show bad faith by the attorney. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

Instead, the statute covers situations where an attorney knows or reasonably should know a claim is frivolous or that his tactics will needlessly obstruct the litigation of nonfrivolous claims. *Id*. Section 1927 sanctions may also be appropriate when "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In Re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). Finally, sanctions may be appropriate under § 1927 when an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Slater*, 465 F.3d 642, 646 (6th Cir. 2006). And while § 1927 does not require bad faith, something more than negligence or incompetence is required. *Id*. This standard is an objective one. *In re Ruben*, 825 F.2d at 984.

Here, Pikeville Energy's counsel's actions do not amount to intentional abuse of the judicial process. Nor do they suggest that he knowingly disregarded the risk that filing this notice of appeal would multiply the proceedings. If anything, counsel argues that the quick resolution of this appeal would permit the bankruptcy court to hold one trial as opposed to two if the action is remanded—reducing the number of proceedings, not multiplying them. Based on his response, Pikeville Energy's counsel appears to have believed that the requirements for appealing an order from the bankruptcy court in a contested matter are the same as those required in an adversary proceeding. Counsel also expresses the legitimate concern that, if the appeal is indeed ripe, failure to file a notice of appeal now could result in a later appeal being deemed untimely. In the

end, counsel did not so unreasonably and vexatiously multiply the proceedings as to make sanctions appropriate under § 1927.

The appellees also argue the Court may use its "inherent power" to impose sanctions against Pikeville Energy's counsel. This, however, requires the Court to find bad faith on the part of Pikeville Energy. *First Bank of Marietta*, 307 F.3d at 517. Nothing in the record suggests Pikeville Energy acted in bad faith in filing this notice of appeal.

## CONCLUSION

Because the orders from the adversary proceeding were interlocutory and not "final" within the meaning of § 158(a)(1), this action must be remanded to the bankruptcy court. Also, the Court declines to exercise its discretionary authority to grant Pikeville Energy leave to appeal under § 158(a)(3).

Accordingly, it is **ORDERED** that:

(1)     The appellees' motion to dismiss, R. 4, is **GRANTED**;

(2)     The appellees' motion for sanctions, R. 4, is **DENIED**, and the appellees' motion to hold the scheduling order in abeyance, R.4, is **DENIED AS MOOT**;

(3)     This action is **REMANDED** to the bankruptcy court and **STRICKEN** from the Court's active docket.

This the 7th day of February, 2011.



Signed By:
*Amul R. Thapar*
United States District Judge